Judgment, Supreme Court, New York County (Paul Wooten, J.), entered July 19, 2012, granting the petition to annul respondent’s determination, dated December 8, 2010, which denied petitioner’s application for a master plumbers’ license, and remanding the matter for reconsideration by respondent in a manner consistent with the court’s decision, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed.
Respondent’s refusal to credit work experience noted by petitioner on his application for a master plumber’s license where Social Security records showed that he received no wages from the employer, and where he failed to explain this discrepancy, was rational (see Matter of Krasniqi v Department of Citywide Admin. Servs., 105 AD3d 590 [1st Dept 2013]). Furthermore, respondent’s consideration of the number and complexity of the work permits issued to supervising licensed master plumbers was rational and did not improperly impose an additional licensing requirement (see Matter of Padmore v New York City Dept. of Bldgs., 106 AD3d 453 [1st Dept 2013]; Matter of Licata v Department of Citywide Admin. Servs., 105 AD3d 520 [1st Dept 2013]). It was incumbent upon petitioner to show that he satisfied the work requirements for the master plumber’s license, and he failed to detail the work he claimed to have performed for which no permits were issued. Concur — Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.